UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

EVELYN BROWN,                     )
                                  )
        **Plaintiff,**     )
                                  )
v.                                )        Case No. 12-CV-55-TCK-FHM
                                  )
K-MAC ENTERPRISES,                )
TACO BELL OF AMERICA, LLC,        )
                                  )
        **Defendants.**    )

### OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. 12) and Defendants' Motion for Reconsideration and Motion to Dismiss (Doc. 11).

**I.    Background**

On July 6, 2011, Plaintiff filed a Petition in the District Court for Tulsa County against Defendants K-MAC Enterprises, Inc. ("K-MAC") and Taco Bell of America, Inc. ("Taco Bell, Inc."). Plaintiff failed to issue a summons or file a waiver within 90 days of filing suit. On October 24, 2011, the court entered an order dismissing the case pursuant to Rule 9(a) of the Oklahoma Supreme Court Rules for the District Courts ("Rule 9(a) Order"), which permits a court to dismiss an action for failure to issue summons within 90 days after filing of the petition. *See* Okla. Stat. tit. 12, Ch. 2, App., Rule 9. On January 13, 2012, Plaintiff filed a motion to vacate the dismissal order ("Motion to Vacate") in state court, arguing that "at the time of filing, Plaintiff was unsure of the proper defendant in the action due to the complexities of the relationship between K-MAC Enterprises and Taco Bell of America, Incorporated." (Ex. F to Am. Not. of Removal.)  Plaintiff also argued:

> This Court dismissed Plaintiff's Petition without prejudice on October 24, 2011 for failure to issue a summons, pursuant to its discretionary power under Rule 9(a) of the

> Rules for District Courts of Oklahoma. Plaintiff's claims under the ADA, Title VII and ADEA do not allow for Plaintiff to simply re-file her claims, as said claims must be brought within ninety (90) days of the EEOC's issuance of a Right to Sue letter.[1] Plaintiff's original Petition was filed within ninety (90) days from the EEOC's Right to Sue letter. It appears that this Court's intention was to dismiss Plaintiff's Petition *without prejudice*. However, the practical effect of the dismissal is *with prejudice* as it relates to Plaintiff's Title VII, ADA and ADEA claims, as those claims may not be re-filed more than 90 days after receipt of the EEOC's Right to Sue letter. Plaintiff's counsel now seeks to have the dismissal vacated. Dismissal of the present matter will cause tremendous hardship to the Plaintiff, as Plaintiff will be precluded from re-filing her Title VII, ADA and ADEA claims.

(*Id.* (footnote added).) As legal authority for the Motion to Vacate, Plaintiff cited Okla. Stat. tit. 12, § 1031, which sets forth enumerated grounds for vacating orders, decrees, and judgments. Plaintiff did not specify which ground upon which she relied but vaguely argued that "in certain circumstances it is appropriate for the courts to vacate certain orders." (*Id.*) The state court granted Plaintiff's Motion to Vacate ("Vacation Order") on the date it was filed "for good cause shown," thereby permitting Plaintiff to file an Amended Petition and avoid the running of certain limitation periods. (Ex. G to Am. Not. of Removal.)

On January 17, 2012, Plaintiff filed an Amended Petition against K-MAC and Taco Bell, LLC ("Taco Bell, LLC") alleging the following causes of action: (1) disability discrimination, in violation of the Americans with Disabilities Act ("ADA claim"); (2) race and gender discrimination in violation of Title VII ("Title VII claim"); (3) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA claim"); (4) termination in violation of the public policy of Oklahoma ("*Burk* claim"), (5) denial and interference with the right to exercise Family and

---

[1] "Under 42 U.S.C. § 2000e-5(f)(1) a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter." *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998). Compliance with the 90-day filing requirement is a condition precedent to suit that functions like a statute of limitations. *Conkle v. Potter*, 352 F.3d 1333, 1336 n.5 (10th Cir. 2003). This statute of limitations applies to Plaintiff's Title VII, ADA, and ADEA claims.

Medical Leave Act benefits ("FMLA claim"); (6) retaliation for filing a workers' compensation claim, in violation of title 85, section 341 of the Oklahoma Statutes ("workers' compensation retaliation claim"); and (7) intentional infliction of emotional distress ("IIED claim"). On February 9, 2012, Defendants removed the action, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based upon the claims arising under federal law.

Plaintiff filed a motion to remand all claims based on the presence of the statutorily non-removable workers' compensation retaliation claim, *see* 28 U.S.C. § 1445(c), and this Court's decision in *Pulley v. Bartlett-Collins Co.*, 2006 WL 3386909, at *3 (N.D. Okla. Nov. 21, 2006) (concluding that all claims joined with non-removable workers' compensation retaliation claim must be remanded). In response to the motion to remand, Defendant argues that (1) *Pulley* has been overruled by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"), Pub. L. No. 112–63, § 203(b), 125 Stat. 785, which made relevant changes to 28 U.S.C. § 1441(c) and took effect January 6, 2012; and (2) the revised version of 28 U.S.C. § 1441(c) applies because the Court should consider this action commenced as of January 17, 2012 (date of filing Amended Petition) rather than July 6, 2011 (date of filing original Petition).

## II.  Motion to Remand (Doc. 11)

This Court's decision in *Pulley* has been overruled by statute. *See Bivins v. Glanz*, No. 12-CV-103, 2012 WL 3136115, at * 2 (N.D. Okla. Aug. 1, 2012). As this Court recently explained:

> Under the amended 28 U.S.C. § 1441(c)(2), the Court has no discretion to remand federal claims that are joined with a statutorily nonremovable claim, such as a workers' compensation retaliation claim. Instead, the Court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction.

3

*Id.* at * 2. Thus, if the revised version of 28 U.S.C. § 1441(c) applies in this case, the Court must sever the workers' compensation retaliation claim and retain all other claims. If the revised verison of the statute does not apply, the Court would presumably be free to follow its original reasoning in *Pulley* and remand all claims.

The Court need not decide whether the case was "commenced" before or after the FCJVCA's effective date. Based on the reasoning and policy considerations explained in the legislative history of the FCJVCA, the Court has reconsidered its decision in *Pulley* and would now decide the question in a manner consistent with the federal statute. Specifically, this Court reconsiders its conclusion that "the policy considerations of judicial economy and Plaintiff's choice of forum for the entire case outweigh the right to remove the federal claim under these specific circumstances." *See Pulley*, 2006 WL 3386909, at * 3. The Court now concludes, consistent with the legislative history of the FCJVCA, that "preserving the defendant's right to remove claims arising under Federal law" outweighs other competing considerations. *See* H.R. Rep. No. 112-10 at 12 (2011). Therefore, the Court will (1) sever and remand the workers' compensation retaliation claim; (2) retain the Title VII, ADA claim, ADEA claim, and FMLA claim because they are within the Court's original jurisdiction; and (3) retain the *Burk* claim and IIED claim because they form part of the same case or controversy as the federal claims and are within the Court's supplemental jurisdiction. *See Bivins*, 2012 WL 3136115, at * 2 (applying amended version of 28 U.S.C. § 1441(c) and reaching same result in case involving similar claims).[2]

---

[2] The remaining parts of the Court's Opinion and Order apply only to the claims being retained by this Court.

**III.    Motion to Reconsider and Dismiss (Doc. 12)**

In the currently pending motion, Defendants move the Court to (1) reconsider and vacate the Vacation Order, (2) deem the action commenced as of the date of filing the Amended Petition, and (3) dismiss the Title VII, ADA, and ADEA claims as untimely filed. Alternatively, if the Court determines that the action was commenced on the date of filing the original Petition, K-MAC moves to dismiss all claims against it based on Plaintiff's failure to effect timely service. Taco Bell, LLC moves to dismiss all claims against it for failure to state a claim because Plaintiff was never employed by Taco Bell, LLC.[3]

For reasons explained below, the Court (1) denies Defendants' motion to reconsider and vacate the Vacation Order; (2) deems the action commenced as of the filing date of the original Petition; and (3) finds that all claims were timely asserted. However, the Court nonetheless finds dismissal proper because Plaintiff failed to effect timely service upon K-MAC prior to removal and because Plaintiff has failed to state a claim for relief against Taco Bell, LLC.

**A.    Motion to Reconsider Vacation Order**

After removal of an action to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "A prior state court order in essence is federalized when the action is removed to federal court, although the order remains subject to reconsideration just as it had been prior to removal." *Laney ex rel. Laney v. Schneider Nat'l Carriers, Inc.*, 259 F.R.D. 562, 564 (N.D. Okla. 2009) (internal citations omitted). "Thus, a federal

---

[3] Taco Bell LLC also argues that claims asserted against it are untimely. The Court need not reach this argument.

5

court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered." *Id.* "Further, the state court order is not entitled to deference in federal court, and because federal procedure governs the enforcement of a prior state court order removed to federal court, the federal court should ensure that the order is consistent with the federal rules . . . ." *See id.* (internal citation omitted). Federal law governs the course of proceedings following removal. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("After removal, federal rather than state law governs the course of the later proceedings.").

The Vacation Order is an interlocutory order that does not adjudicate any claims. Therefore, Defendant's motion to reconsider the Vacation Order is governed by Federal Rule of Civil Procedure 54(b), which provides that "any order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); *Raytheon Constructors, Inc. v. Asarco, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). Although not bound by the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) when considering Rule 54(b) motions, courts within the Tenth Circuit generally look to these standards for guidance. *See, e.g.*, *Laney*, 259 F.R.D. at 565; *Sump v. Fingerhut, Inc.,* 208 F.R.D. 324, 327 (D. Kan. 2002) (noting that "courts routinely turn to standards established under Rule 59(e) for instruction in constructing a review standard when considering a possible revision of an interlocutory order"); *Torres v. Cintas Corp.*, No. 08-CV-185, 2009 WL 2044796, * 1 (N.D. Okla. July 9, 2009) (exercising discretion to analyze Rule 54(b) motion under Rule 59(e) standards). Grounds for reconsideration under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

6

clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Additionally, a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law." *Laney*, 259 F.R.D. at 565 (internal quotations omitted).

Defendant contends that the Vacation Order should be reconsidered because Plaintiff "failed to show [in her Motion to Vacate] that vacation was proper under [Okla. Stat. tit. 12, § 1031]. Specifically, Defendant argues that "[w]hile Plaintiff referred very generally to § 1031 in her motion to vacate, Plaintiff did not put forth any evidence showing § 1031 was really satisfied, nor has she attempted to do so [now]." (Def.'s Reply in Support of Mot. to Reconsider and Mot. to Dismiss 6.) Defendant's argument most closely aligns with the third ground identified above – namely, the need to correct clear error committed by the state court judge.

Under Oklahoma law, a judge has wide and extended discretion to vacate a judgment, decree, or appealable order if the motion to vacate is filed within 30 days following entry of the order. *Schepp v. Hess*, 770 P.2d 34, 38 (Okla. 1989) (explaining that, at common law, court had plenary power to reconsider and vacate decisions made during one particular "term of court") (further explaining that, although "terms of court" are now abolished, Okla. Stat. tit. 12, § 1031.1 establishes a 30-day period for this plenary power). This "term-time power," which extends 30 days after entry of an order, is "unfettered by statutory grounds." *Id.* Following this 30-day period, a party seeking to vacate such an order must file a motion or petition to vacate based upon one of the enumerated statutory grounds set forth in Okla. Stat. tit. 12, § 1031. *See id.*; *Woods v. Computer Sciences Corp.*, 247 P.3d 1201, 1205 (Okla. Civ. App. 2010) ("After the expiration of 30 days, the trial court's jurisdiction to vacate or modify a judgment is invoked by the filing of a motion or petition as

7

provided in 12 O.S. 2001 § 1031.1(C), 12 O.S. 2001 § 1032, or 12 O.S. 2001 § 1033."). There are different time limits and different filing requirements, depending on the statutory ground being invoked by the movant. *See* Okla. Stat. tit. 12, §§ 1038, 1032, 1033.

In this case, Plaintiff's Motion to Vacate was filed more than 30 days following entry of the Rule 9(a) Order, and Plaintiff expressly invoked § 1031 (setting forth enumerated grounds for vacation) and § 1038 (setting forth statutes of limitations) as the statutory bases for the motion.[4] Plaintiff's motion did not, however, cite any of the specific enumerated grounds in § 1031. Based on the facts set forth in the Motion to Vacate, the only possible statutory basis for the Motion to Vacate was "irregularity in obtaining a judgment or order." *See* Okla. Stat. tit. 12, § 1031(3). A motion to vacate based on this ground must be filed within three years of the movant's receipt of the relevant order, *see id.* § 1038, and must be made "by motion, upon reasonable notice to the adverse party or his attorney to the action," *see id.* § 1032.

> Interpreting § 1031(3), the Oklahoma Court of Civil Appeals recently stated:
>
> 'The term irregularity in obtaining a judgment has no fixed legal meaning. In every instance the question is one of fact, dependent upon the circumstances of each case. It logically follows that the application of this provision of the statute is addressed to the sound legal discretion of the court, to be exercised in furtherance of justice, on the particular facts of the case.'

*Woods*, 247 P.3d at 1205 (quoting *Edge v. Security Bldg. & Loan Ass'n*, 45 P.2d 1108, 1109–10 (Okla. 1935)).[5] In the Motion to Vacate filed in state court, Plaintiff identified reasons that granting

---

[4] There is no dispute that the Rule 9(a) Order was an "appealable order" as that term is used in § 1031. *See State ex rel. Wright v. Oklahoma Corp. Comn'n*, 170 P.3d 1024, 1027 (Okla. 2007) (treating dismissal without prejudice as appealable order).

[5] The Court acknowledges authority indicating that "irregularity" has a more limited meaning and may not extend to dilatory conduct by counsel. S*ee Gugello v. Select Specialty Hosp.-Tulsa, Inc.*, 143 P.3d 519, 522 (Okla. Civ. App. 2006) (holding that attorney's lack of

8

her motion was in furtherance of justice – namely, that some of her federal claims would be untimely if she was forced to file a new lawsuit. Although the state court did not explain its reasoning, it granted the motion "for good cause shown." This Court concludes that the state court was within its discretion to vacate the Rule 9(a) Order pursuant to § 1031(3).[6] Any other result would mean that an Oklahoma court was powerless to vacate its own Rule 9(a) dismissal in order to protect a plaintiff's right to sue, unless the motion to vacate was filed within 30 days of dismissal. Such a result seems inconsistent with ordinary judicial discretion, with the Oklahoma Supreme Court's explanation of "irregularity" set forth above, and with the general preference for deciding cases on their merits. *See generally Boston v. Buchanan*, 89 P.3d 1034, 1042 (Okla. 2003) (addressing whether a plaintiff had shown "good cause" as to why case should not be dismissed for failure to prosecute pursuant to Rule 9(b) of the Oklahoma Supreme Court Rules for District Courts) (reasoning that, "when the substance of a trial court disposition-docket dismissal of a claim at issue will have the necessary result of barring a merits adjudication upon that claim's refiling, the trial court should take a hard look at the circumstances before it" and that "[c]ircumstances which would support a finding of lack of 'good cause' and dismissal without prejudice might well not support such a finding when the dismissal is terminal"). Therefore, the Court concludes that the Vacation Order is not clearly erroneous and did not result in any manifest injustice. To the contrary, the

---

diligence in serving process was not "irregularity" under § 1031(3)). However, such case does not cite an Oklahoma Supreme Court decision in support of its conclusion, does not discuss the Oklahoma Supreme Court's more expansive reading explained above, and was decided prior to *Woods*. Thus, it is not persuasive to the Court.

[6] Given the circumstances – namely, that Plaintiff had not yet filed the Amended Petition or served any defendants – the court was also within its discretion to excuse the notice requirement in § 1032.

Vacation Order prevented manifest injustice by allowing Plaintiff to pursue claims that would have been time-barred had she been forced to file a new lawsuit.

The Court further finds that the Vacation Order is consistent with federal rules and principles. In federal court, a judge may grant relief from a final order[7] for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b). This Court would be well within its discretion to vacate a dismissal without prejudice in order to prevent a plaintiff from forfeiting claims. Based on the reasons set forth in the Motion to Vacate and specifically in order to protect Plaintiff's right to assert certain claims, this Court would have exercised its own discretion to permit Plaintiff to file an amended pleading rather than file a new lawsuit. Thus, even giving no deference whatsoever to the state court judge's decision and applying federal standards, the Court would still deny the motion to reconsider.

### C. Motion to Dismiss Certain Federal Claims as Untimely

Defendant's motion to dismiss the Title VII, ADA, and ADEA claims as untimely is denied based upon the Court's denial of the motion to reconsider the Vacation Order. Because the Court will not reconsider or vacate the Vacation Order, the filing date of the original Petition controls. There is no dispute that the original Petition was filed within 90 days of Plaintiffs' receipt of her right to sue letter for the above-listed federal claims.

---

[7] The Rule 9(a) Order would be treated as a final order under federal law. *See Yancey v. Crow*, 450 Fed. Appx. 766, 768 n.6 (10th Cir. 2011).

### D. Motion to Dismiss Claims Against K-MAC Based on Failure to Effect Timely Service

K-MAC alternatively argues that all claims against it must be dismissed because Plaintiff failed to timely serve process upon K-MAC prior to removal and that Plaintiff has not demonstrated good cause for such failure. In response, Plaintiff does not attempt to show good cause for failing to serve K-MAC within 180 days of filing the original Petition. Instead, Plaintiff argues that the Vacation Order's finding of "good cause" controls the outcome of the question regarding timely service.

Plaintiff served K-MAC on January 17, 2012, which was prior to removal to federal court. Therefore, the Court must look to state law to determine if service was proper. *See Wallace*, 596 F.3d at 706 ("[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal.") (but explaining that, if removal occurs even one day after the state deadline for service, federal rules for service come into play); *see Morton v. Meagher*, 171 F. Supp. 2d 611, 613-14 (E.D. Va. 2001) ("The validity of service of process in an action before it is removed to federal court is determined by the law of the state pursuant to which service was made."). Oklahoma law provides that "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice." Okla .Stat. tit. 12, § 2004(I).

The first question is whether filing the Amended Petition restarted the service clock as to K-MAC. Neither party has cited, and the Court has not located, relevant Oklahoma law on whether filing an amended petition against the same defendant restarts the § 2004(I) service clock. However, the Tenth Circuit has answered this question in the context of the federal service rule:

11

> But the 120–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. This construction of the rule prevents the plaintiff from repeatedly filing amended complaints to extend the time for service indefinitely. In particular, if we read Rule 4(m) to refer to the most recently filed version of the complaint, regardless of whether the defendant to be served was newly added, dilatory plaintiffs could evade the rule's time deadline by taking advantage of the opportunity under Fed. R. Civ. P. 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the original 120–day deadline simply by filing an amended complaint when it felt like effecting service.

*Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006) (internal quotations and citations omitted). Following this reasoning, the Court concludes that Plaintiff's filing of the Amended Petition did not restart its service clock as to K-MAC, and Plaintiff had 180 days from July 6, 2011 – or until January 2, 2012 – to timely serve K-MAC. Because Plaintiff did not effect service upon K-MAC until January 17, 2012 – fifteen days after the deadline – service upon K-MAC was untimely.[8]

The next question is whether Plaintiff has shown "good cause why such service was not made within that period." Okla. Stat. tit. 12, § 2004(I). Plaintiff argues that the state court judge already decided the question based on his finding of "good cause" in the Vacation Order. In contrast, Defendant argues:

> [T]he Rule 9(A) dismissal and subsequent motion to vacate concerned whether Plaintiff had good cause for her failure to issue summons, not her failure to timely serve one of the defendants. Whether Plaintiff had good cause for her failure to

---

[8] The Oklahoma Supreme Court has indicated that federal cases may be helpful in interpreting Oklahoma's service of process statute. *See Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that federal rule was model for Oklahoma service rule but declining to follow federal cases due to differences in statutory language that were relevant to that case). There do not appear to be any differences in Oklahoma and federal service law that would impact this precise question, and the Court finds the federal cases cited by Defendants to be instructive.

12

timely serve Defendant K-MAC under § 2004(I) is being raised for the first time post-removal, and was never considered by the state court.

(Defs.' Reply in Support of Mot. to Dismiss 8.) The Court agrees with Defendant that the issue of untimely service of process was not squarely before the state court when it decided the Motion to Vacate. The Rule 9(A) Order and subsequent Motion to Vacate related to Plaintiff's failure to issue summons within 90 days of filing the Petition, not Plaintiff's failure to timely serve process within 180 days of filing the Petition. Therefore, this Court must decide this question in the first instance, but must apply Oklahoma law. *See Wallace*, 596 F.3d at 706 (state law applies to question of whether service is properly effected prior to removal); *Kline Enter., Inc. v. Swenson*, No. 11-CV-535, 2012 WL 2060731, at * 3 (D. Idaho 2012) (applying Idaho law "good cause" standard in determining whether service was perfected under state law prior to removal).

The language of § 2004(I), as amended in 2009, is mandatory rather than permissive. *See* Okla. Stat. tit. 12, § 2004(I); *Colclazier & Assocs. v. Stephens*, 277 P.3d 1285, 1289 (Okla. Civ. App. 2012) (explaining history of § 2004(I) and that current version uses mandatory "shall be deemed dismissed" language). Under the revised statute, when service is effected out of time, the Oklahoma Court of Civil Appeals has held that an action "shall be deemed dismissed as of 181 days following [relevant filing date,] if it [is] determined on remand that [the plaintiff] did not have good cause for the delay in service." *See id.* Thus, Oklahoma courts appear to lack discretion to grant permissive extensions of the service period in the absence of some showing of good cause.[9]

---

[9] In contrast, this Court has discretion to grant permissive extensions of the service period even absent a showing of good cause. *See* Fed. Rule of Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") (italicized language not appearing in Oklahoma rule); *Espinoza v.*

13

The burden rests upon the "plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180–day period." *Willis v. Sequoyah House, Inc.*, 194 P.3d 1285, 1290 (Okla. 2008). A plaintiff "must show good cause for the occasioned delay by more than a lawyer's conclusory references in an argument to the court," and "[c]ounsel's unsworn representations do not rise to the level of proof of good cause contemplated by the terms of [§ 2004(I)]." *Id.* As explained above, where a plaintiff is required to show "good cause" for failing to act diligently, the Oklahoma Supreme Court has cautioned that trial courts "must take an especially hard look at the circumstances before it" when "expiration of the statute of limitations turns a dismissal without prejudice into a dismissal with prejudice." *See Boston*, 89 P.3d at 1042.

In this case, Plaintiff has offered no explanation or evidence in response to Defendant's motion to dismiss based on untimely service of process. The only possible showing of "good cause" in the record is a one-sentence argument contained in the Motion to Vacate – namely, that "at the time of filing, Plaintiff was unsure of the proper defendant in the action due to the complexities of the relationship between K-MAC Enterprises and Taco Bell of America, Inc." (Ex. F to Am. Not. of Removal.) However, this statement is unsupported by evidence or any further explanation in the

---

*United States*, 52 F.3d 838, 841-42 (10th Cir. 1995) (noting that "several factors should guide the district court" in deciding whether to grant a permissive extension, including the advisory committee's note stating that relief may be justified if the applicable statute of limitations would bar the refiled action and remanding for the district court to "consider the limitations period in deciding whether to exercise its discretion under Rule 4(m)"); *see generally* Wright, Miller, Kane, & Marcus, 4B *Federal Practice & Procedure* § 1137 ("The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) suggest that a district court should extend the time for service even if there is no good cause shown if the applicable statute of limitations would bar a refiled action, the defendant is evading service, the defendant conceals a defect in attempted service, or care is needed to protect a pro se plaintiff. Of these factors, courts place the most emphasis on a statute of limitations bar.").

briefs before this Court or the state court. The Court is mindful that a dismissal without prejudice is in effect a dismissal with prejudice as to some claims. However, the Court cannot take a "hard look" at circumstances that have not been properly presented or adequately explained by Plaintiff. Under Oklahoma law, Plaintiff has not made the requisite showing of "good cause" for failing to timely effect service upon K-MAC. *See Willis*, 194 P.3d at 1290 (good cause must be shown by something more than counsel's unsworn representations); *Colclazier & Assocs.,* 277 P.3d at 1290 (same). Accordingly, all claims against K-MAC were, by operation of statute, "deemed dismissed" without prejudice in state court prior to removal and therefore must be dismissed without prejudice by this Court.[10]

### E. Motion to Dismiss Claims Against Taco Bell, LLC For Failure to State a Claim

In their motion, Defendants argue that the Amended Petition fails to sufficiently allege sufficient facts to hold Taco Bell, LLC jointly or directly liable for any of Plaintiff's claims along with K-MAC, Plaintiff's actual employer. In her response brief, Plaintiff did not address this argument in any manner, and all arguments and authority in Defendant's motion are deemed confessed. For the reasons and authority set forth in Defendant's motion, the Court finds that the Amended Petition fails to allege a sufficient factual basis for holding Taco Bell, LLC liable for any claims being retained by the Court – namely, the federal claims, the *Burk* claim, and the IIED claim. Therefore, all claims against Taco Bell, LLC are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[10] The Vacation Order has no effect on such claims being deemed dismissed pursuant to § 2004(I). The Vacation Order did not concern timeliness of service but instead only represented the state court judge's exercise of discretion to vacate its Rule 9(a) Order, which related to failure to timely issue summons.

**III. Conclusion**

Plaintiff's Motion for Remand (Doc. 12) is GRANTED in part and DENIED in part. The workers' compensation retaliation claim is hereby SEVERED and REMANDED to the District Court for Tulsa County, State of Oklahoma. The motion to remand is denied as to all federal claims, the *Burk* claim, and the IIED claim.

Defendants' Motion for Reconsideration and Motion to Dismiss (Doc. 11) is GRANTED IN PART and DENIED IN PART. It is denied as to the Motion for Reconsideration and granted as to the Motion to Dismiss as follows. All claims against K-MAC are dismissed without prejudice based on Plaintiff's failure to effect timely service prior to removal or show good cause for failing to do so. All claims against Defendant Taco Bell, LLC are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This order terminates the litigation, and a judgment of dismissal shall be entered by the Court.

**SO ORDERED this 19th day of September, 2012.**

_____
**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**